IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN FRANKLIN WRIGHT, JR.,

                    Plaintiff,                         OPINION AND ORDER

    v.                                                          11-cv-544-wmc

SARAH O'BRIEN AND MEGAN STONER,

                    Defendants.

---

Plaintiff John Franklin Wright, Jr., has filed a complaint under 42 U.S.C. § 1983, alleging that his work-release privileges were revoked in violation of his civil rights. Wright has been granted leave to proceed *in forma pauperis* and the complaint is now before the court for screening pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, the court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B).

In screening any pro se litigant's complaint, the court must construe his claims generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing the pleadings in this light, the court concludes that Wright's complaint must be dismissed for reasons outlined below.

## FACTS

At the time he filed his complaint, Wright was confined in the Dane County Jail as the result of his conviction for substantial battery and disorderly conduct. Defendant Sarah O' Brien is the Dane County Circuit Court Judge who presided over Wright's case.

Defendant Megan Stoner works as a classification official at the Dane County Jail.

On November 24, 2010, Judge O'Brien imposed a prison sentence that was stayed in favor of a four-year term of probation. As a condition of probation, Wright had to spend one year in the Dane County Jail, where he would be eligible for work-release privileges under Wis. Stat. § 303.08, also known as Wisconsin's "Huber law."

Shortly after the sentence was imposed, defendant Megan Stoner filed a petition to revoke Wright's work-release privileges under the Huber law. Judge O'Brien granted the petition and amended Wright's sentence to terminate his work-release privileges. On April 7, 2011, Judge O'Brien reinstated Wright's work-release privileges to commence on June 6, 2011. On July 1, 2011, Judge O'Brien rescinded that order at Stoner's request and terminated Wright's work-release privileges for the remainder of his conditional jail time.

On August 1, 2011, Wright filed the pending civil rights complaint under 42 U.S.C. § 1983. Wright argues that his work-release privileges were revoked without due process and violated the prohibition against double jeopardy. Wright seeks $7.5 million in damages.[1]

## OPINION

To the extent that Wright seeks monetary relief from Judge O'Brien, it is well established that judges have absolute immunity from liability for judicial acts. *Ohse v. Hughes*, 816 F.2d 1144, 1154 (7th Cir. 1987) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)). The doctrine of absolute judicial immunity is not for the protection or benefit of a malicious or corrupt judge, though there is no suggestion of that here. Rather, immunity

---

[1] Wright also seeks his immediate release from custody. Because Wright has been released from the Dane County Jail, this request is now moot.

attaches for the benefit of the public, who has an interest in a judiciary free to exercise its function without fear of harassment by unsatisfied litigants. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Forrester v. White*, 484 U.S. 219, 225 (1988) (observing that judicial immunity discourages inappropriate collateral attacks and protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants) (citing *Bradley v. Fisher*, 13 Wall. 335, 348 80 U.S. 335 (1872)).

In Wisconsin, work release is a privilege that is imposed as part of a sentence, and may be revoked at the discretion of the sentencing court. *See* Wis. Stat. § 303.08(1)–(2). As such, Wright's allegations concerning the revocation of his work-release privileges fall well short of the allegations necessary to deprive Judge O'Brien of absolute immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (noting that allegations of bad faith or malice are insufficient to defeat absolute judicial immunity, which may be overcome only by showing that the complained of actions were nonjudicial in nature or were taken in the complete absence of all jurisdiction). Because Judge O'Brien is immune from Wright's claim for money damages, his complaint against her must be dismissed under 28 U.S.C. § 1915(e)(2)(b).

It further appears that defendant Stoner's role was limited to providing testimony or information that caused Judge O' Brien to revoke Wright's work-release privileges. Wright does not allege that, in her role as a classification officer, Stoner acted with malicious intent or that she had any reason to provide the circuit court with false information. To the extent that Stoner merely provided information for the circuit court's consideration, she also is

3

entitled to immunity from civil liability. *See Rehberg v. Paulk*, — U.S. —, 132 S. Ct. 1497, 1505-06 (2012) (observing that trial witnesses have those who testify before a grand jury enjoy absolute immunity with respect to any claim based on the witness' testimony); *see also Millspaugh v. County Dept. of Public Welfare*, 937 F.2d 1172, 1175 (7th Cir. 1991) ("If there would be no loss but for the judge's acts, then the prosecutor or witness who induces the judge to act has absolute immunity.").

In addition, to the extent that Wright takes issue with the revocation of his work-release privileges, his complaint also fails to state a viable claim because Wright's allegations implicate the validity of his sentence.  To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983.  *Id.*  Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Id.*

To proceed with his claims, Wright must demonstrate that the judgment revoking his

4

work-release privileges was invalidated by a state tribunal or otherwise set aside by an authorized state tribunal or by a federal habeas corpus proceeding under 28 U.S.C. § 2254. Wright does not allege facts showing that he challenged the revocation his work-release privileges by filing an appeal from the circuit court's decision.[2]  Absent a showing that the disputed judgment has been invalidated or set aside, the rule in *Heck* precludes a claim for damages in this case.  It follows that the complaint fails to state a claim for which relief can be granted at this time.

ORDER

IT IS ORDERED THAT:

1.   The civil rights complaint filed by John Franklin Wright, Jr., is DISMISSED with prejudice for seeking monetary damages from a defendant who is immune from such relief and for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

2. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this ___31st___ day of October, 2012.

BY THE COURT:

WILLIAM M. CONLEY
District Judge

_____

[2]  An order revoking work-release privileges may be challenged in the Wisconsin Court of Appeals, followed by a petition for review with the Wisconsin Court of Appeals.  *See, e.g., State v. Brown*, 2010 WI App 62, 324 Wis. 2d 584, 785 N.W.2d 688 (March 30, 2010) (unpublished).  A review of the state circuit and appellate court's electronic docket sheets, available at http://wscca.wicourts.gov, confirm that Wright has not filed an appeal regarding the loss of his work-release privileges.